# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| JOHNNA DERLEY, ) | |
|           Plaintiff, ) | |
| ) | |
|           v. ) | No. 03-4136-CV-C-WAK |
| ) | |
| SCOTT'S CRANE RENTAL, INC., ) | |
| et al., ) | |
|           Defendants, ) | |
|           Third-Party Plaintiffs, ) | |
| ) | |
|           v. ) | |
| ) | |
| PAVLICH, INC., ) | |
|           Third-Party Defendant. ) | |

## ORDER

On August 15, 2005, defendants/third-party plaintiffs, Scott's Crane Rental and Dennis Hodges, filed a motion for partial summary judgment on plaintiff's claim of negligence based on defendant Hodge's failure to keep a proper lookout. Plaintiff responded in opposition to the motion and defendants replied.

Fed. R. Civ. P. 56(c) requires "the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden on the party moving for summary judgment "is only to demonstrate . . . that the record does not disclose a genuine dispute on a material fact." *City of Mt. Pleasant, Iowa v. Associated Elec. Co-Op.*, 838 F.2d 268, 273 (8th Cir. 1988).

Once the moving party has done so, the burden shifts to the nonmoving party to go beyond his pleadings and show, by affidavit or by "depositions, answers to interrogatories, and admissions on file," that there is a genuine issue of fact to be resolved at trial. *Celotex*, 477 U.S. at 323. Evidence of a disputed factual issue which is merely colorable or not

significantly probative, however, will not prevent entry of summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

Summary judgment, however, "is an extreme remedy, to be granted only if no genuine issue exists as to any material fact." *Hass v. Weiner*, 765 F.2d 123, 124 (8th Cir. 1985). In ruling on a motion for summary judgment, this court must view all facts in a light most favorable to the nonmoving party, and that party must receive the benefit of all reasonable inferences drawn from the facts. *Robinson v. Monaghan*, 864 F.2d 622, 624 (8th Cir. 1989).

In light of the above standard, the court has carefully reviewed the materials presented in support of and opposition to the motion for summary judgment. This case involves a fatality accident in which a fully-loaded tractor trailer hit the rear-end of a large yellow crane that was towing a pick-up truck. One of several negligence theories submitted by plaintiff is that defendant Hodges, the driver of the crane, failed to keep a proper lookout for other drivers on the road.

Defendants assert plaintiff has produced no evidence to support the elements of a lookout claim under Missouri law. Plaintiff responds that there are circumstances surrounding this accident which would permit her to make a submissible case for failure to keep a careful lookout, and that summary judgment is not appropriate.

Whether there are material issues of fact in dispute is a close call. Thus, the court finds that a ruling on the legal issue presented will be best made after hearing all the evidence in context. Accordingly, it is

ORDERED that defendants/third-party plaintiffs' motion of August 15, 2005, for summary judgment on plaintiff's claim of negligence based on a failure to keep a proper lookout is denied, without prejudice to reconsideration during the jury instruction conference [130].

Dated this 29th day of November, 2005, at Jefferson City, Missouri.

/s/

WILLIAM A. KNOX
United States Magistrate Judge

2